

**DEPARTMENT OF AGRICULTURE**
OFFICE OF THE SECRETARY
WASHINGTON, D.C. 20250

BY CERTIFIED MAIL

DEC 3 0 2008

The Honorable Michael F. Easley
Governor of North Carolina
Office of the Governor
20301 Mail Service Center
Raleigh, NC 27699-0301

Dear Governor Easley:

    On behalf of the United States, I hereby accept concurrent legislative jurisdiction ceded by North Carolina over land duly acquired by the United States for national forest purposes.

    The State of North Carolina has enacted legislation that cedes concurrent legislative jurisdiction to the United States over land acquired within its borders for the establishment of national forest reserves. N.C. GEN. STAT.§ 104-5 (Thomson/West 2008). For land acquired by the United States before February 1, 1940, formal acceptance of the ceded jurisdiction is not required, and the United States is presumed by operation of law to have accepted concurrent legislative jurisdiction over land acquired for national forest purposes in North Carolina. Since that time, federal law has provided that a State's cession of legislative jurisdiction to the United States over land acquired on or after February 1, 1940, does not take effect until formally accepted by the head, or other authorized official, of the Federal department that has custody over the land. 40 U.S.C. § 3112 (enacted as An Act of February 1, 1940, Pub. L. No. 76-409, 54 Stat. 19 (1940)).

    This letter constitutes the United States' acceptance of concurrent legislative jurisdiction over all land acquired in North Carolina for national forest purposes, including land acquired in the future. To avoid future jurisdictional disputes as to particular lands or factual situations, this acceptance should be read to encompass all national forest lands in North Carolina, at whatever time they may have been acquired (before or after February 1, 1940) or may in the future be acquired. This formal acceptance does not, however, change the pre-existing jurisdictional status of forest lands over which the United States already has concurrent legislative jurisdiction.

    Acceptance of concurrent legislative jurisdiction increases the options and resources for law enforcement on National Forests. The United States may investigate and prosecute, when appropriate, criminal offenses requiring concurrent legislative jurisdiction on these lands, without displacing state authorities. We believe acceptance of concurrent jurisdiction will mutually benefit the State of North Carolina and the

I appreciate your assistance in this important area of Federal-state cooperation. Acceptance of concurrent legislative jurisdiction by the United States over national forests in North Carolina will provide a valuable management tool for addressing the unique challenges these lands present for both your administration and the Forest Service.

Sincerely,

Edward T. Schafer
Secretary